**Benjamin L. Kennedy, State Bar No. 232889**
**CARR, KENNEDY, PETERSON & FROST**
**A Law Corporation**
**420 Redcliff Drive**
**Redding, California 96002**
**Email: bkennedy@ckpf.com**
**(530) 222-2100; FAX (530) 222-0504**

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER BOSEOVSKI,<br><br>Plaintiff,<br><br>vs.<br><br>McCLOUD HEALTHCARE CLINIC, INC, a California corporation,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Chris Boseovski ("Plaintiff") hereby alleges as follows:

**NATURE OF ACTION**

1. This is an action for damages arising from the fraudulent inducement by Defendant McCloud Healthcare Clinic, Inc. (the "Clinic") of a dentist, Plaintiff Christopher Boseovski ("Plaintiff"), to leave his dental practice in Santa Rosa, California to join the Clinic through misrepresentations regarding the terms and conditions of his employment. As part of its campaign to prematurely terminate the Plaintiff's employment before the expiration of the four-year agreement, the Clinic blatantly violated Plaintiff's privacy rights by surreptitiously intercepting oral communications between him and other employees at the Clinic using an

electronic device. The Clinic also terminated Plaintiff for complaining about violations of law and then falsely explained his departure as Plaintiff quitting his employment and/or that the Clinic terminated his employment for just cause.

**JURISDICTION**

2. This Court has jurisdiction over this action and the parties pursuant to 28 U.S.C. §1331 (federal question jurisdiction) because the Clinic violated section 2520 of Title 18 of the United States Code, which creates a civil cause of action entitling any person "whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of [the Act]" to "recover from the person or entity which engaged in that violation such relief as may be appropriate". Appropriate relief for the violations at issue here can include actual damages, statutory damages in lieu of actual damages, punitive damages if warranted, and recovery of reasonable attorneys' fees and costs. This Court also has jurisdiction over the related state law claims under 28 U.S.C. §1367(a) (supplemental jurisdiction).

**VENUE**

3. Venue is appropriate in this District because the Defendant's illegal recording of Plaintiff, Plaintiff's employment, and the defamation of Plaintiff which gives rise to this action occurred within the District.

**THE PARTIES**

4. Plaintiff Christopher Boseovski is an individual who resided in Santa Rosa, California until influenced and persuaded by the Clinic to move to McCloud, California by means of knowingly false representations. At all times during his employment with the Clinic (including the surreptitious and unlawful recording of him by the Clinic using electronic means), Plaintiff resided in McCloud, California.

5. Defendant McCloud Healthcare Clinic, Inc. is a California corporation and a rural

health care facility organized under the Rural Health Clinic Services Act of 1977, with its principal place of business in the City of McCloud, County of Siskiyou, California.

**BACKGROUND ALLEGATIONS**

6. On or about December 29, 2015, Plaintiff responded to a job posting on www.merritthawkins.com for the Clinic. The advertisement stated the position offered student-loan forgiveness, a $195,000 base salary, signing bonus, relocation stipend, three weeks vacation, a four and one-half day work week and other "great benefits." Following some correspondence with a representative from Merritt Hawkins (including providing his resume), Plaintiff began speaking with the Clinic's Chief Executive Officer Michael Schaub about the dentist position with the Clinic.

7. During his discussion with Mr. Schaub, Plaintiff informed him of the complexities of his housing situation in Santa Rosa, contract with Affordable Care Inc. (the company through which Plaintiff operated his dental practice in Santa Rosa, California), desire for a long-term position, and his desire not to work in a high-volume dental practice. In fact, Plaintiff rejected the Clinic's first offer of employment based on the salary and, after being assured by Mr. Schaub that the Clinic was not a high-volume practice, agreed to a four-year employment contract (the "Contract"). Based on these representations, Plaintiff entered into this agreement by signing it on January 18, 2016.

8. Paragraph V(C)(2) of the Contract provided that the "term of the employment under this agreement will be a four (4) year agreement commencing on or before the 6th day of June 2016." Paragraph VI(C)(3) provided that the Clinic (may immediately terminate the employment of the [Plaintiff] by giving [Plaintiff] written notice two weeks in advance. [The Clinic] reserves the right to terminate immediately for just cause in the event that the well-being of staff and/or patients is in any way endangered." Paragraph IV(A) provided that the Clinic would "schedule a

minimum average of 8-10 visits per day during [Plaintiff's] work day unless unforeseen, unusual and extraordinary circumstances develop which would be beyond [the Clinic's] control." Based on these and other provisions of the contracts, assurances and promises made by the Clinic, and a letter dated March18, 2016 from the Clinic's Director of Human Resources to Home Point Financial Corporation, Plaintiff understood that his employment with the Clinic would be for four years and terminable only for just cause, he would be working with adequate support staff and he would not be working in a high-volume dental practice.

9. On February 19, 2016, Plaintiff notified Affordable Care Inc. of his intent to disassociate and close the dental practice that he operated in Santa Rosa 90 days from that date on May 29, 2016. Affordable Care, inc. released Plaintiff from any obligations to it on May 1, 2016. In addition to closing his Santa Rosa dental practice, Plaintiff took considerable and costly steps to relocate himself and his wife from Santa Rosa to McCloud, California based on the representations made to him by the Clinic.

10. On or about April 10, 2016, the Clinic presented Plaintiff with a packet of documents it required him to sign that it represented as mandatory general employee documents, including meal break waivers, handbook acknowledgment forms, direct deposit authorization, tax documents, an employee information form, as well as other general employee documents.) Hidden among those documents was boilerplate language converting his promised four-year employment agreement to at-will before he had his first day of work, but after Plaintiff had already moved from Santa Rosa to McCloud. Plaintiff did not realize that he had signed such a document until after the Clinic fired him on July 11, 2016.

11. Upon commencing his employment on May 2, 2016, Plaintiff began to notice various issues regarding the work environment at the Clinic that he found unsafe, unlawful, and in need of correction. First, Plaintiff noticed that the current Dental Office manager was unable to

properly train employees (including Plaintiff) on necessary procedures (such as software for prescriptions) and exhibited a hostile attitude towards Plaintiff and other employees. Second, Plaintiff noticed that two employees with patient responsibilities appeared to be drinking alcohol while on duty – one of whom had several arrests for driving under the influence of alcohol. (On June 30, 2016, Plaintiff informed Mr. Schaub of this serious safety issue, which went unaddressed.) Third, Plaintiff informed the Clinic that its practice of billing Denti-Cal for metal fillings, providing patients with more expensive fillings, and billing the patient for the difference may violate rules governing the treatment and billing for such patients and refuse to perform such a procedure until he knew it was lawful. Fourth, Plaintiff informed the Clinic the volume of patients (approximately 22-25 per day) exceed the expectations and promise made by the Clinic prior to his moving to McCloud from Santa Rosa after closing his dental practice.

12. Shortly after bringing these issues to the attention of the Clinic's management (including without limitation correspondence sent to management dated May 15, 2016, May 31, 2016, and June 20, 2016), the Clinic began a campaign to manufacture reasons to terminate Plaintiff's employment. These efforts to prematurely end the contract following Plaintiff's reports of unlawful and unsafe working conditions included willfully intercepting through an electronic device his oral communications with the dental staff at the Clinic's facility to find reason to terminate his employment.

13. On or about July 11, 2016, Defendant terminated Plaintiff's employment falsely citing that Plaintiff was at-will and engaged in misconduct (not using the software to write prescriptions, having a poor "chair-side manner," and other untrue and pretextual reasons) as the reason for the termination. The Clinic later falsely claimed (and told other employees) that Plaintiff quit because he left the office early on July 7 due to illness. Plaintiff is informed and believes and thereon alleges Defendant failed to conduct any type of investigation prior to

termination into a resignation or poor conduct. Plaintiff is further informed and believes and thereon alleges Defendant failed to follow procedures set forth in the Clinic's handbook.

**FIRST CLAIM FOR RELIEF**

**(Liability Under Federal Wire and Electronic Communications Interception Statute (18 U.S.C. §§ 2511 and 2520) - Against the Clinic)**

14. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 13 of this Complaint, with the same force and effect as though set out at length herein.

15. The Clinic knowingly and intentionally directed and was aware of the use of an electronic device to record discussions that Plaintiff had with third parties (*e.g.*, coworkers and patients).

16. The Clinic intercepted oral communications between Plaintiff and third parties as part of its campaign to prematurely terminate his employment. In fact, in or about June 2016, Michael Schaub admitted to Plaintiff that he had authorized the surreptitious interception of Plaintiff's oral communications by electronic means at the Clinic's facility.

17. Plaintiff is informed and believes that the Clinic intercepted numerous additional oral communications between Plaintiff and third parties without authorization or consent from any party to the communications.

18. The Clinic did not have the consent or authorization of Plaintiff or any other party to any oral or electronic communications to intercept such communications.

19. As a result of the Clinic's actions, Plaintiff has been damaged.

**SECOND CLAIM FOR RELIEF**

**(Violation of Labor Code section 970– Against the Clinic)**

20. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 19 of this Complaint, with the same force and effect as though set out at length herein.

21. Prior to commencing his employment with the Clinic at its office in McCloud, California, Plaintiff was a resident of Santa Rosa, California. In negotiating the position of Dental Director with Plaintiff, Defendant, by and through its Chief Executive Officer Michael Schaub, directly influenced, persuaded and engaged Plaintiff to close his active dental practice to move from Santa Rosa to McCloud with promises of compensation for moving expenses, student loan forgiveness, and a four-year agreement. Plaintiff was further told that the kind, length and character of the promised work was that of a Dental Director in a practice that was not high volume and that his employment would continue for four years so long as Plaintiff reasonably fulfilled his duties and responsibilities under the employment agreement.

22. Plaintiff is informed and believes that Defendant knew these promises were false when they were made. Furthermore, Defendant knew and intended for Plaintiff to rely on these promises and inducements, prompting him to move from Santa Rosa to McCloud.

23. Plaintiff is informed and believes the above-referenced promises were in fact false in that the real, but undisclosed, kind, length, and character of Plaintiff's work was as a dentist for a high-volume mill dental practice engaging in unethical and unlawful billing and safety practices on an at-will employment basis. This was clearly evidenced by, among other things, the fact that the Clinic continually required Plaintiff to see approximately three times the number of patients each day that it estimated prior to employment, ignoring Plaintiff's concerns about unsafe working conditions, as well as promptly and covertly converting his employment to at-will after moving his wife and him from Santa Rosa to McCloud following the closure of his Santa Rosa dental practice.

24. Such conduct of Defendant in misrepresenting the kind, length, and character of the Dental Director position promised to Plaintiff violated California law, including but not limited to Labor Code section 970, *et seq.*

25. As a direct and proximate result of the Defendant's conduct, Plaintiff relied on the misrepresentations, moving from Santa Rosa to McCloud. Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits, including without limitation student loan forgiveness.

26. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

27. The conduct of Defendant in misrepresenting the kind, length and character of Plaintiff's position as Dental Director, in order to influence, persuade and engage Plaintiff to move from Santa Rosa to McCloud, justifies an award of double damages pursuant to California Labor Code § 972.

**THIRD CLAIM FOR RELIEF**

**(Fraud as against the Clinic)**

28. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 27 of this Complaint with the same force and effect as though set out at length herein.

29. Defendant represented to Plaintiff that the promised work was that of a Dental Director in a practice that was not high volume, was lawfully observing proper billing and safety practices, and that his employment would continue for four years so long as Plaintiff reasonably fulfilled his duties and responsibilities under the employment agreement. These were facts of critical importance to Plaintiff in making his decision to accept the position with the Clinic and to move from Santa Rosa to McCloud after closing his Santa Rosa dental practice.

30. Plaintiff is informed and believes and thereon alleges that the above-referenced

representations were false in that the position for which he was being hired was that of a high volume dentist expected to forego and ignore blatant violations of Denti-Cal billing rules and safety protocol and subject to termination on an at-will basis. In truth, when Plaintiff refused to perform procedure that he reasonably believed contradicted Denti-Cal billing practices, requested that the Clinic only require him to see a reasonable number of patients so as to ensure quality of care, and ensure a safe working conditions for patients and employees, Plaintiff's employment was then terminated for that reason.

31. Plaintiff is informed and believes and thereon alleges that the Clinic knew the disclosed description of the promised Dental Director position was a material misrepresentation and this was known to the Clinic. Knowing that Plaintiff would not accept the position with the Clinic if the true facts were known, the Clinic intended for Plaintiff to rely on their misrepresentations.

32. Based on the misrepresentations as to the Dental Director position, and having no reason to suspect otherwise, Plaintiff reasonably relied on the promises regarding the kind, length, and character of the job and did accept the position with the Clinic, closing his dental practice and moving from his place of residence in Santa Rosa to McCloud, California.

33. As a direct and proximate result of the Clinic's actions, Plaintiff has suffered severe and serious injury to his person, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

34. As a direct and proximate result of the Clinic's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits, including without limitation student loan forgiveness.

35. The conduct of the Clinic, in misrepresenting the kind and nature of the promised

position as Dental Director, was done in conscious disregard of Plaintiff's rights, as it was anticipated by the Clinic, and each of them, that Plaintiff would rely on the promises, to his detriment. Plaintiff is informed and believes, and thereon alleges, this misconduct of the Clinic and its ultimate termination of Plaintiff was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

**FOURTH CLAIM FOR RELIEF**

**(Negligent Misrepresentation Against The Clinic)**

36. Plaintiff incorporates by this reference the allegations contained in paragraphs 1 through 35 of this Complaint, with the same force and effect as though set out at length herein.

37. Plaintiff alleges on information and belief that each of the representations described above was false or misleading when made by the Clinic (as described above), was made without a reasonable basis for believing it to be true, and was made with intent to mislead and deceive Plaintiff. The representations were made with the intent to induce Plaintiff's reliance and to cause him to move from Santa Rosa to McCloud as herein alleged.

38. The Clinic had a duty to disclose the true information on the grounds that the information was material to Plaintiff accepting employment and moving from Santa Rosa to McCloud, and that the nature of the situation required the disclosure of all material facts. The Clinic's failure to disclose these material facts to Plaintiff, therefore, constitutes fraud and/or negligent misrepresentation.

39. Had Plaintiff known of the true facts, that he would be an at-will employee working in a high-volume dental practice under unlawful and unsafe conditions, Plaintiff would not have accepted the Clinic's job offer, closed his practice and moved from Santa Rosa to McCloud.

40. As a proximate result of the fraudulent conduct of the Clinic as herein alleged, Plaintiff has incurred damages in that Plaintiff was induced to close his dental practice and move from Santa Rosa to McCloud, all by reason of which Plaintiff has been damaged in at least the sum in excess of the jurisdictional amount of this Court, and additional amounts according to proof at time of trial.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract Against The Clinic)

41. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 40, above, and each and every part thereof, with the same force and effect as though set out at length herein.

42. Plaintiff is informed and believes and thereon alleges that the contract of employment with the Clinic, as aforesaid, obligated the Clinic to continue Plaintiff's employment for a period of four years and so long as Plaintiff fulfilled his duties and obligations under the contract.

43. Plaintiff performed all the duties and conditions of the employment agreement.

44. The Clinic knew that Plaintiff had fulfilled all his duties and conditions under the contract.

45. Plaintiff is informed and believes and thereon alleges that the Clinic breached the aforementioned contract of employment by terminating Plaintiff's employ without good, just or legitimate cause, in violation of California public policy.

46. As a direct and proximate result of the Clinic's breach of the contract of employment, as aforesaid, Plaintiff has been deprived of the rights and benefits under the contract including, but not limited to, continued compensation so long as Plaintiff performed all duties and conditions under the employment agreement.

47. As a direct and proximate result of the Clinic' wrongful conduct, Plaintiff has suffered the loss of contracted-for employment benefits and suffered consequential economic loss, all to Plaintiff's damage in a sum within the jurisdiction of this Court and to be shown according to proof.

**SIXTH CLAIM FOR RELIEF**

**(Wrongful Termination In Violation Of Public Policy Against The Clinic)**

48. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 47, above, and each and every part thereof, with the same force and effect as though set out at length herein.

49. At all times herein mentioned, Plaintiff was employed pursuant to a written employment contract by the Clinic. At all times herein mentioned, Plaintiff performed his duties and obligations under the employment agreement referenced above, and the Clinic knew Plaintiff had fulfilled all of the duties and conditions under the agreement.

50. Plaintiff is informed and believes, and thereon alleges, that on July 11, 2016, Plaintiff's employment was caused to be terminated by the Clinic at its office located in McCloud, California because of, among other things, his complaints of unsafe working conditions (including intoxicated dental assistants), unlawful billing practices (including charging Denti-Cal patients for higher level fillings), and unlawful recording of Plaintiff's oral communications. Such conduct by Defendant was in violation of public policy including, but not limited to, California Health & Safety Code section 1278.5, California Business & Professions Code sections 1680 and 1681, California Labor Code sections 970 and 1102.5, and section 1018 *et seq.* of Title 16 to the California Code of Regulations.

51. As a direct and proximate result of the misconduct and unlawfulness of the Clinic and the resulting termination of Plaintiff's employment, as aforesaid, Plaintiff sustained severe and serious injury to his person, all to Plaintiff's damage in a sum to be shown according to proof.

52. By reason of the foregoing, Plaintiff has suffered harm including, but not limited to, humiliation, embarrassment, and mental anguish, all to Plaintiff's damage in an amount to be shown according to proof. Plaintiff is informed and believes, and thereon alleges, that he will be required to employ the services of physicians, nurses and other health care professionals in the future, in an amount to be shown according to proof.

53. By reason of the foregoing, as aforesaid, Plaintiff has been unable to engage in his employment for a time subsequent to his termination, and Plaintiff is informed and believes and thereon alleges that he will be unable to work in his usual and customary employment for an indefinite period in the future, all to Plaintiff's damage in an amount to be shown according to proof.

54. The conduct of the Clinic in terminating Plaintiff's employment was without good, just or legitimate cause and was the proximate result of his engaging in protected activities violated California public policy. Such actions were, therefore, done in conscious disregard of the rights of Plaintiff to be free of retaliation in the workplace, among other rights secured under applicable laws. Plaintiff is informed and believes, and thereon alleges, that his termination by the Clinic was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

**SEVENTH CLAIM FOR RELIEF**

**(Defamation As To The Clinic)**

55. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through

54, above, and each and every part thereof with the same force and effect as though set out at length herein.

56. Plaintiff alleges, upon information and belief, that the Clinic made false and defamatory statements regarding the reasons for Plaintiff's separation from the Clinic. The statements were made to patients treated by Plaintiff, Plaintiff's colleagues, and to as various other third parties. These false and defamatory statements include the following:

(A) On or about July 7 or 8, 2016, the Clinic told staff and/or patients that Plaintiff "walked out" and "quit" his employment with the Clinic. Plaintiff is informed and believes that this false and defamatory statement was made in front of patients who were treated by Plaintiff as well as other staff members.

(B) Plaintiff is informed and believes and thereon alleges, on or about July 11, 2016, the Clinic reported that it had terminated Plaintiff for cause including failing to utilize an electronic prescription system and having a "poor chair-side manner."

57. As a direct and proximate result of the Clinic's conduct, Plaintiff has been subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

58. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in his capacity to earn his salary, and has lost and will continue to lose employment benefits, all to Plaintiff's damage in an amount to be shown according to proof.

59. The conduct of the Clinic in causing Plaintiff's employment to be terminated without good, just or legitimate cause and then lying about the reasons to third parties constitutes cruel and unjust hardship in conscious disregard to Plaintiff's rights. As it was anticipated by the Clinic that Plaintiff would be unable to find comparable employment in the foreseeable future, Plaintiff is

informed and believes and thereon alleges, that his termination by the Clinic was done with an intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive, malicious and despicable conduct, Plaintiff is entitled to an award of punitive or treble damages in a sum to be shown according to proof.

**Wherefore,** Plaintiff Christopher Boseovski prays for judgment against the Clinic, as follows:

**FIRST CLAIM FOR RELIEF**

1. An award of damages constituting the actual loss to Plaintiff caused by the illegal interception of oral communications by the Clinic in a sum according to proof;

2. A permanent injunction enjoining the Clinic and its employees from publishing Plaintiff's oral communications without the consent of Plaintiff;

3. For an award of punitive damages due to the willful and wanton misconduct of the Clinic;

4. For attorney's fees pursuant to 18 U.S.C. § 2520(b)(3) in an amount to be shown according to proof;

5. For statutory damages pursuant to 18 U.S.C. § 2520(c)(2);

6. Costs of suit and for each other and further relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**

1. General damages in a sum according to proof;

2. Special damages including loss of income and other benefits, loan forgiveness, and lost dental practice in Santa Rosa;

3. Double damages pursuant to Labor Code § 972 and according to proof;

4. For interest provided by law;

5. Costs of suit and for each other and further relief as the Court deems just and proper.

**THIRD CLAIM FOR RELIEF**

1. General damages in a sum according to proof;
2. Special damages including loss of income and other benefits, loan forgiveness, and lost dental practice in Santa Rosa;
3. Punitive damages according to proof;
4. For interest provided by law;
5. Costs of suit and for each other and further relief as the Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**

1. General damages in a sum according to proof;
2. Special damages including loss of income and other benefits, loan forgiveness, and lost dental practice in Santa Rosa;
3. For interest provided by law;
4. Costs of suit and for each other and further relief as the Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**

1. General damages in a sum according to proof;
2. Special damages including loss of income and other benefits, loan forgiveness, and lost dental practice in Santa Rosa;
3. For interest provided by law;
4. Costs of suit and for each other and further relief as the Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**

1. General damages in a sum according to proof;
2. Special damages including loss of income and other benefits, loan forgiveness, and lost dental practice in Santa Rosa;
3. Punitive damages according to proof;

4. For interest provided by law;

5. For a civil penalty pursuant to California Labor Code section 1102.5(f);

6. For attorneys' fees pursuant to California Health & Safety Code section 1278.5(h);

7. Costs of suit and for each other and further relief as the Court deems just and proper.

**SEVENTH CLAIM FOR RELIEF**

1. General damages in a sum according to proof;

2. Special damages including loss of income and other benefits, loan forgiveness, and lost dental practice in Santa Rosa;

3. Punitive damages according to proof;

4. For interest provided by law;

5. For treble damages pursuant to California Labor Code section 1054;

6. Costs of suit and for each other and further relief as the Court deems just and proper.

DATED: October 19, 2016

CARR, KENNEDY, PETERSON & FROST

By ______________________
Benjamin L. Kennedy
Attorneys for Plaintiff Christopher Boseovski

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury for all issues so triable.

DATED: October 19, 2016.

CARR, KENNEDY, PETERSON & FROST

By ______________________

Benjamin L. Kennedy
Attorneys for Plaintiff Christopher Boseovski