## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOSEOVSKI, | No. 2:16-CV-2491-CMK |
| Plaintiff, | |
| vs. | ORDER |
| McCLOUD HEALTHCARE CLINIC, INC., | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this civil action pursuant to 18 U.S.C. § 2520 (First Claim for Relief) as well as various state law claims. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court is defendant's motion to dismiss (Doc. 6).

/ / /

/ / /

/ / /

/ / /

/ / /

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff claims that Merritt Hawkins (apparently a placement firm and not a defendant to this action) posted a job opening for a dentist with defendant which offered student loan forgiveness, a base salary of $195,000 per year, a signing bonus, a relocation stipend, three weeks vacation, a four-and-one-half-day work week, and other "great benefits." According to plaintiff, after correspondence with Merritt Hawkins he began speaking with defendant's Chief Executive Officer, Michael Schaub. During his discussions with Mr. Schaub, plaintiff informed him of his "desire for a long-term position, and his desire not to work in a high-volume practice." Plaintiff states that he rejected the first offer of employment and only agreed to a four-year employment contract after being "assured by Mr. Schaub that the Clinic was not a high-volume practice. . . ." Plaintiff alleges that the contract contains the following provisions:

| | | |
|---|---|---|
| ¶ V(C)(2) | | The term of employment will be four years. |
| ¶ VI(C)(3) | | Defendant may immediately terminate employment by providing two weeks notice, and defendant reserves the right to terminate employment immediately for just cause. |
| ¶ IV(A) | | Defendant would schedule a minimum average of 8-10 visits per day during barring unforseen circumstances. |

Neither party has offered a copy of the contract.

On April 10, 2016, plaintiff signed various employment documents with defendant which, according to plaintiff, had hidden among them "boilerplate language converting his promised four-year employment agreement to an at-will. . . ." In May 2016 plaintiff closed his practice and relocated from Santa Rosa to McCloud.

/ / /

/ / /

/ / /

/ / /

/ / /

2

Plaintiff next alleges that, shortly after commencing his employment with defendant, he began to notice "various issues regarding the work environment" he found "unsafe, unlawful, and in need of correction." Specifically, plaintiff outlines the following four areas of concern:

1. The office manager was unable to properly train and exhibits a hostile attitude.
2. Two employees with patient responsibilities appeared to be drinking alcohol while on duty.
3. Defendant's practice of billing Denti-Cal was unlawful.
4. Patient volume (22-25 patients per day) exceeded the terms of plaintiff's contract.

Plaintiff states that he brought these issues to defendant's attention in May and June 2016 and that, shortly thereafter, defendant "began a campaign to manufacture reasons to terminate Plaintiff's employment." According to plaintiff: "These efforts to prematurely end the contract following Plaintiff's reports of unlawful and unsafe working conditions included willfully intercepting through an electronic device his oral communications with the dental staff at the Clinic's facility to find reasons to terminate his employment." More specifically, plaintiff alleges as follows in the complaint:

> ¶ 15. The Clinic knowingly and intentionally directed and was aware of the use of an electronic device to record discussions that Plaintiff had with third parties (*e.g.*, coworkers and patients).
>
> ¶ 16. The Clinic intercepted oral communications between Plaintiff and third parties as part of its campaign to prematurely terminate his employment. In fact, in or about June 2016, Michael Schaub admitted to Plaintiff that he had authorized the surreptitious interception of Plaintiff's oral communications by electronic means at the Clinic's facility.

///

///

///

Plaintiff states that his employment was terminated on July 11, 2016. According to plaintiff, he was told by defendant that his employment was at-will and that he had engaged in misuse of prescription software and had a poor "chair-side manner." Plaintiff alleges that defendant failed to conduct any type of investigation prior to terminating his employment.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at

1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III. DISCUSSION

Defendant argues that plaintiff has failed to allege sufficient facts to establish a violation of the federal wiretapping statutes (18 U.S.C. §§ 2511, 2520).

Under 18 U.S.C. § 2511(1)(a), criminal liability is imposed on any person who "intentionally intercepts, or endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." Under 18 U.S.C. § 2520(a), any person whose communications are intercepted in violation of § 2511 may bring a civil action against the person or entity which engaged in that violation. However, due to various provisions

of the Electronic Communications Privacy Act of 1986, civil liability is not available based on procurement. See Peavy v. WFAA-TV, Inc., 221 F.3d 158 (5th Cir. 2000). In Konop v. Hawaiian Airlines, Inc., 302 F.3d 868 (9th Cir. 2002), the Ninth Circuit acknowledged that Congress intended a narrow definition of "intercept." See id. at 878. An "intercept" can only occur when information is acquired during transmission. See id. Private individuals who are parties to the communications in question are exempt from liability. See 18 U.S.C. § 2511(2)(d).

Defendant argues that plaintiff's factual allegations fail to establish that an intercept occurred by someone other than a party to the communications in question. In his opposition, plaintiff argues that his allegation that "the Clinic knowingly and intentionally directed the interception of his oral communications with his patients and dental staff" is sufficient.

Defendant's argument is unpersuasive. The statutes impose civil liability on a person or entity who intentionally intercepts a wire, oral, or electronic communication. Here, plaintiff has alleged that defendant intentionally directed the use of an electronic device to record conversations between plaintiff and patients. Plaintiff has further alleged that defendant's Chief Executive Officer himself authorized the electronic recording of plaintiff's oral communications. These allegations are sufficient, if proven, to establish a violation of § 2511 and civil liability under § 2520. Any recording of plaintiff's conversations with patients would be an obvious intercept – information acquired during transmission. Plaintiff clearly alleges that the conduct was intentional.

Defendant's argument that it cannot be civilly liable for the conduct of its officers because civil liability does not lie based on procuring others to violate § 2511 ignores that Congress allowed for recovery against an entity who violates § 2511. Because entities can only act through their officers and agents, and because Congress allowed for civil liability of entities, it necessarily follows that an entity is not shielded from civil liability for violation § 2511 because the violation was committed by an officer or agent of the entity.

Defendant largely complains that plaintiff's complaint does not include specific facts indicating the precise method of recording, when, and by whom. These, however, are the kinds of details which would emerge through discovery. The current allegations in the complaint suffice to put defendant on notice of plaintiff's claim. Whether plaintiff can prove the claim is, of course, for another day.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (Doc. 6) is denied; and

2. Defendant shall file and serve an answer to the complaint within 30 days of the date of this order.

DATED: June 22, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE