IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BOSEOVSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>McCLOUD HEALTHCARE CLINIC, INC.,<br><br>    Defendant. | No. 2:16-CV-2491-DMC<br><br><br>ORDER |

Plaintiff, who is proceeding with retained counsel, brings this civil action. Pending before the court are plaintiff's Motions in Limine Nos. 1, 2, and 3. See ECF Nos. 61, 52, and 63. Defendant has filed responses to each motion. See ECF Nos. 64, 65, and 66.

In his Motion in Limine No. 1, plaintiff seeks an order excluding evidence of, references to, or testimony or argument relating to improperly redacted emails. According to plaintiff, the requested order is proper under Federal Rule of Evidence 403. In response, defendant states:

> Defendant agrees that its former counsel produced many documents to Plaintiff with certain names redacted. Many of these documents (mainly emails) will not be relevant in this trial. Some of the documents have already been produced without redacted names.
> Defendant is attempting to retrieve all relevant documents without redactions. The parties' exhibit lists are due soon. Defendant's counsel agrees to work with Plaintiff's counsel to determine which documents may become exhibits and, for those potential exhibits with redacted names, to

1

either produce non-redacted versions or work with Plaintiff's counsel to an appropriate resolution to identify names before trial.

Given defendant's response, plaintiff's motion appears to be moot in that defendant has agreed that redacted evidence will either not be offered or referenced at trial, or that such evidence will be provided to plaintiff's without redactions prior to trial. To the extent evidence containing redactions is offered at trial, plaintiff will be permitted to renew his objection.

In his Motion in Limine No. 2, plaintiff seeks an order excluding lay witness testimony concerning plaintiff's skill as a dentist. According to plaintiff, such an order is appropriate under Federal Rules of Evidence 401, 402, 403, and 701. In response, defendant agrees that lay witnesses are not competent to offer expert testimony on the standard of care required of a dentist. Defendant argues, however, that lay witness evidence should be allowed to the extent the witness offers testimony concerning personal observations of plaintiff's words, actions, and conduct (i.e., plaintiff's "chairside manner"). Plaintiff's motion should be granted to the extent lay witness testimony is offered on matters within an expert's purview, such as the standard of care required of dentists. See Fed. R. Evid. 701(c), 702. The court finds that lay witness evidence based on personal observations of plaintiff's "chairside manner" is relevant under Rule 401 and not subject to preclusion under Rule 403.

In his Motion in Limine No. 3, plaintiff seeks an order excluding evidence of or arguments relating to inadmissible hearsay regarding purported complaints by patients. Plaintiff argues such an order is warranted under Federal Rules of Evidence 801, 802, and 803 relating to hearsay. In response, defendant contends that out-of-court statements concerning complaints about plaintiff are not hearsay when offered to show why defendant believed it necessary to terminate plaintiff's employment and not for the truth of the matters stated. The court agrees. See Fed. R. Evid. 801(c). Evidence of out-of-court statements concerning complaints against plaintiff should be permitted to the extent it is not offered for the truth of the matters stated. Given that it is impossible to evaluate plaintiff's Motion in Limine No. 3, however, in a vacuum, the motion will be denied without prejudice to renewal at the time of trial should out-of-court statements be offered for the truth of the matters stated.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion in Limine No. 1 is denied as moot subject to renewal, if appropriate, at the time of trial;

2. Plaintiff's Motion in Limine No. 2 is granted;

3. Plaintiff's Motion in Limine No. 3 be denied subject to hearsay objections made, if appropriate, at the time of trial.

Dated: January 27, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE